MEMORANDUM **
Andray Staggers, an Arizona state prisoner, appeals pro se from the district court’s judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.
The district court properly dismissed the action because McCarthy did not complete the prison grievance process prior to filing suit. See Woodford v. Ngo, 548 U.S. 81, 93-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997e(a) requires adherence to administrative procedural rules).
We will not consider Staggers’ newly-raised contention that a prison official named Richards allegedly did not allow him to grieve his claim. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (explaining that, as a general rule, the court will not consider arguments that are raised for the first time on appeal).
Staggers’ remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.